[No. 6392.   Decided December 15, 1906.]

A. B. BRITTAIN, *Appellant*, v. PIONEER STATE BANK *et al.*,
*Respondents.*[1]

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—DIRECTION TO PUR-
CHASE PROPERTY—REVOCATION.  Where plaintiff sent $1,000 to a bank
as first payment upon a farm owned by B., with directions to offer
$32,000 for the farm, the rejection of the offer by B. and notification
to the plaintiff to that effect by the bank does not terminate the
bank's agency, and a subsequent acceptance of the offer by B., before
revocation of the bank's agency, is binding upon the plaintiff, and a
complaint for the recovery of the $1,000 paid to B. is demurrable,
where such revocation is not alleged (CROW, J., dissenting).

Appeal from a judgment of the superior court for Adams
county, Warren, J., entered February 2, 1906, in favor of
the defendants, upon sustaining a demurrer to the amended
complaint, dismissing an action to recover money paid by
an agent for the purchase of farming lands.   Affirmed.

*Richardson, Roche & Onstine*, and *P. C. Shine*, for appel-
lant.

*Zent & Lovell* and *O. R. Holcomb*, for respondents.

RUDKIN, J.—The plaintiff, Brittain, is a resident of Alex-
andria, in the state of Missouri.   The defendant Pioneer
State Bank is a banking corporation, having its place of busi-
ness at Ritzville, in this state, and the defendant Bennett is
the owner of a farm near the town of Ritzville.   On the 16th
day of November, 1902, the plaintiff forwarded by mail to
the defendant bank a draft for the sum of $1,000, and the
following receipt in blank:

"Received from A. B. Brittain $1,000 as payment on a cer-
tain piece of land situated two miles from Ritzville, and
known as the Bennett farm, for which I am to pay $32,000.00
for farm and all farm implements thereon, balance to be paid
in cash May 1, 1903, when possession is to be given.   Mrs.

[1]Reported in 87 Pac. 1051.

Bennett to furnish abstract showing perfect title and free from all incumbrances, including the taxes on said land to May 1, 1903."

and authorized the bank in his behalf to offer the defendant Bennett the sum of $32,000 for her farm, to pay her the $1,000 covered by the draft, and to take from her the above receipt properly signed. The bank thereupon offered to purchase the farm on behalf of the plaintiff for the sum of $32,000, tendered Bennett the $1,000 and presented the receipt for her signature. Bennett rejected the offer and refused to accept the money tendered, or to sign the proffered receipt. On November 21, 1902, the bank notified the plaintiff by letter that his offer had been rejected and that the draft was held subject to his order. On receipt of this letter, the plaintiff directed the bank to return the draft and the receipt to him, stating that the transaction might be considered as closed. On receipt of notice from the bank that Bennett had rejected his offer, the plaintiff immediately invested the money which he intended to apply on the purchase price of the farm in other business, so that it became impossible for him to carry out his offer of purchase, even though he desired so to do. After the bank had notified the plaintiff of the rejection of his offer and that the draft was held subject to his order, Bennett accepted the offer, received the $1,000 tendered, and signed the receipt and delivered it to the bank. This action was brought to recover the $1,000 thus paid, the plaintiff claiming that the payment was made without authority. The court below sustained a demurrer to the amended complaint, and the plaintiff electing to stand on his amended complaint, and refusing to plead further, a judgment of dismissal was entered. From this judgment the plaintiff has appealed.

The contention of the plaintiff is thus set forth in the language of his counsel:

"As we understand it, there is absolutely no conflict of authorities on the proposition that when an offer is made and

rejected the transaction is absolutely at an end and the party to whom the offer is made cannot revive it by such acceptance. If this is true, the attempted acceptance of the plaintiff's offer by Mrs. Bennett was absolutely without legal effect. When the offer was rejected by the defendant Bennett, the defendant bank had no authority to do anything else except to return the money."

This, in our opinion, is a mistaken view as to the scope of the banks agency. Its authority was not thus restricted. The manifest object and purpose of the agency was not merely to make a technical tender of money, accompanied by a demand for the receipt, but rather to obtain a contract for the purchase of the farm, and the authority of the agent was coextensive with the object and purpose of the agency. The question was not whether the appellant was bound by his offer after the respondent Bennett had rejected it, but whether the agent had authority to renew and continue the offer after such rejection. The agent was authorized to procure a certain contract for the purchase of the farm on certain terms, and the time and manner of accomplishing this was left to its discretion. Whether the respondent Bennett accepted the money and signed the receipt on the first, second or third request was wholly immaterial, as the signing of the receipt and the acceptance of the money was the principal object the appellant had in view, and this was the object he authorized his agent to accomplish in his behalf. The agent, therefore, had authority to renew and continue the offer until it accomplished the purpose of the agency, or until its authority was revoked, which took place in this case by the request to return the money and the receipt. It does not appear affirmatively from the complaint that the contract was consummated before the agent was directed to return the money and the receipt, but it was incumbent on the appellant to show a revocation of the authority of the agent before the consummation of the contract, and this he failed to do. The com-

plaint therefore failed to state a cause of action, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

CROW, J. (dissenting)—I am of the opinion that the amended complaint stated a cause of action against the respondent bank, and therefore dissent.